UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/2018

LB and DB, on behalf of their minor son, PB,

Plaintiffs,

-against-

PAUL S. HINES AND ANN H. HINES,

Defendants.

No. 15-cv-5238 (NSR)
OPINION & ORDER
**REDACTED**

NELSON S. ROMÁN, United States District Judge

Plaintiffs, LB and DB, on behalf of their minor son, PB ("Plaintiff" or "PB"),

commenced the instant action against Defendants Paul S. Hines ("Paul") and Ann H. Hines

(collectively, "Defendants"), asserting, *inter alia*, claims sounding in sexual battery, intentional

infliction of emotional harm, and fraudulent conveyance. Plaintiff alleges that on or about

October 13, 2013, Defendant Paul, engaged in sexual conduct with PB, a minor. Following

joinder of issue, Plaintiff moved for partial summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure on the issue of liability on PB's sexual battery claim, and for a

determination that he is entitled to punitive damages on said claim. Plaintiff asserts he is entitled

to judgment as a matter of law on his sexual battery claim because Defendant Paul's ████████

████████████████████████████████████████████████ the

doctrine of collateral estoppel. Additionally, Plaintiff asserts that Defendant Paul's conduct

constitutes willful or malicious conduct warranting the imposition of punitive damages as a

matter of law. For the following reasons, the motion is GRANTED in its entirety.

## BACKGROUND

The following facts are drawn from the Complaint and the documents appended thereto.

1

Plaintiff PB is a 15 year old autistic boy. (Compl. ¶¶ 1, 7, ECF No. 1.) Defendant Paul ████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ On or

about October 13, 2013, PB and Defendant Paul met online and chatted. Defendant Paul agreed

to meet PB at his home. (*See* Compl. ¶ 7.) While at PB's home, Defendant Paul engaged in oral

and anal sex with PB. (Compl. ¶ 8.) Defendant Paul engaged in sexual conduct despite being told

by PB to stop. (*Id.*) ████████████████████████████████████



A person who violates

N.Y. Penal Law § 130.40, is required to register as a sexual offender under SORA. N.Y. Correct.

Law § 168-a (1)–(2). Under SORA, a sex offender is classified as either low risk (Level 1),

moderate risk (Level 2) or high risk (Level 3). *See* N.Y. Correct. Law § 168-n(2). As is relevant

to this proceeding, one of the factors considered in determining an offender's classification is the use of force or violence. *Id.* § 168 *et seq*; *People v. Ratcliff*, 966 N.Y.S.2d 433, 433–44 (2d Dept. 2013); *People v. Jones*, 789 N.Y.S.2d 382, 383 (4th Dept. 2005). ███████████

███████████████████████████████

## **LEGAL STANDARD**

### **Summary Judgment**

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] . . . affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact.*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence [in] support" of such a contention. Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations and citations omitted).

If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a motion for summary judgment should fail. *Id.* at 258; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summ. order). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quotations and citations omitted). The party asserting that a fact is genuinely disputed must support their

assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A)–(B). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999).

The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great American Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotations and citations omitted). Similarly, "a party cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 104 (2d Cir. 2010) (citing *Perma Research and Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) (such affidavits "greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact"). But the mere fact that a non-movant's factual allegations in opposition are "self-serving" does not automatically render them insufficient to defeat summary judgment. *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 (2d Cir. 1998). Instead, summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," where "that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250. If the Court finds that one party to a case has "no real support for its version of the facts," a motion for summary judgment should be granted. *Community of Roquefort v. William Faehndrich, Inc.*, 303 F.2d 494, 498 (2d Cir. 1962).

**Collateral Estoppel**

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980).

New York law governs the preclusive effect of a judgment from a New York state court. *See Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81 (1984) ("the preclusive effect in federal court of petitioner's state-court judgment is determined by [state] law"); *see also Wight v. BankAmerica Corp.*, 219 F.3d 79, 87–88 (2d Cir. 2000). The Second Circuit has recognized that there is "no significant difference" between New York preclusion law and federal preclusion law. *Pike v. Freeman*, 266 F.3d 78, 90 n.14 (2d Cir. 2001); *see also Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) ("The parties agree that there is no discernible difference between federal and New York law concerning res judicata and collateral estoppel").

The doctrine of collateral estoppel under New York law is applicable upon a showing of two factors: "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Kaufman v. Eli Lilly & Co.*, 482 N.E.2d 63, 67 (1985). The federal test for the application of collateral estoppel

5

distributes these same elements into a four-part test: "(1) the identical issue was raised in a previous proceeding; (2) the issue was 'actually litigated and decided' in the previous proceeding; (3) the party had a 'full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was 'necessary to support a valid and final judgment on the merits.'" *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir.1997)).

## Sexual Battery

"Under New York law, a 'battery' is an intentional wrongful physical contact with another person without consent." *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (quotations and citation omitted). To establish a claim for battery, a plaintiff must establish offensive bodily contact made with the intent to make such contact, *Laurie Marie M. v. Jeffrey T.M.*, 559 N.Y.S.2d 336, 338 (3d Dept. 1991), without the consent of the person being touched. *Van Vooren v. Cook*, 75 N.Y.S.2d 362, 365–67 (4th Dept. 1947). The intensity of the physical contact must not exceed the consent, if any, given. *Warner v. Orange County Dept. of Probation*, 968 F. Supp. 917, 924 (S.D.N.Y. 1997). Injury as a result of the offensive conduct is not an element to a battery claim. *See Zgraggen v. Wilsey*, 606 N.Y.S.2d 444, 445 (3d Dept. 1994). A claim of sexual battery is, therefore, the intentional wrongful sexual contact with another person without their consent.

## Punitive Damages

Generally, "the purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 n.9 (1986). Under New York law, an award of punitive damages is permitted when "'the defendant's wrongdoing is not simply intentional but evince[s] a high

degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations.'" *Tiffany and Co. v. Costco Wholesale Corp.*, 127 F. Supp. 3d 241, 261 (S.D.N.Y. 2015) (quoting *Ross v. Louise Wise Servs. Inc.*, 868 N.E.2d 189, 196 (2007)). The Second Circuit has stated that, "[i]t is generally recognized that, in cases of personal torts, 'vindictive actions,' such as assault and battery . . . where the elements of fraud, malice, gross negligence, cruelty, or oppression are involved, punitive or exemplary damages may be recovered." *Pepe v. Maklansky*, 67 F. Supp. 2d 186, 187–88 (S.D.N.Y. 1999) (quoting *Walsh v. Segale*, 70 F.2d 698, 699 (2d Cir. 1934)). Furthermore, "'[i]t is well settled that the determination whether to award punitive damages lies in the discretion of the trier of the facts.'" *Id.* at 188 (quoting *Collins v. Willcox Inc.*, 600 N.Y.S.2d 884, 887 (N.Y. Sup. Ct. 1992)).

## DISCUSSION

Plaintiff seeks summary judgment on the issue of liability on his sexual battery claim. Plaintiff contends that there are no material facts at issue with regard to Defendant's liability ███████████████████████████████████████████████████████████████ ████████████████████████████ Defendants oppose Plaintiff's motion on the basis that the doctrine of collateral estoppel is inapplicable.

Plaintiff's motion for summary judgment on the issue of liability on his sexual battery claim is granted ████████████████████████ establishes all of the essential elements of sexual battery as a matter of law. In support of his motion, ████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████ ██████████████████████████████ ████████████████████████████████████████████████████████ As is relevant to this proceeding,

7

N.Y. Penal Law § 130.05(3) provides that a person is deemed incapable of consent when he or she is less than seventeen years old, mentally disabled or mentally incapacitated. The parties do not dispute that Plaintiff PB was under the age of seventeen and autistic at the time of the incident. Moreover, as will be discussed below, there is evidence that Defendant Paul used force during the commission of the offense. ████████████████████████████████

████████████████████████████████████████████

The Court also determines that Plaintiff is entitled to punitive damages as a matter of law. ████████████████████████████████████████████

█████████████████████████████████ One of the factors used to determine an offender's classification is whether there was violence used during the commission of the sexual act. Under the use of violence factor, an offender may be assessed thirty points if he was armed with a dangerous instrument, fifteen points if he inflicted physical injury, and ten points if he used forcible compulsion. N.Y. Correct. Law §§ 168 *et seq.*

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████ The use of violence by a Defendant, as interpreted under SORA, is defined by N.Y. Penal Law § 130.00(8)'s definition of forcible compulsion. *See People v. Fowara*, 9 N.Y.S.3d 390, 391 (2d Dept. 2015). Forcible compulsion means to compel another to engage in a sexual act either: through the "use of physical force; or a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped." N.Y. Penal Law § 130.00(8)(a)–(b). ████████████████████████████

█████████████████

The Court determines that Defendant Paul's conduct evinced a high degree of moral turpitude and demonstrated such wanton dishonesty as to imply a criminal indifference to civil obligations. The award of punitive damages is warranted under these circumstances not only to punish the wrongdoer for his willful and malicious conduct but also to deter others from similar behavior. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 n.9 (1986) Accordingly, Plaintiff's motion for punitive damages is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment on the issue of liability on the first claim for sexual battery and for punitive damages is GRANTED. The Clerk of the Court is respectfully requested to enter judgment accordingly and to terminate the motion at ECF No. 35. The parties are instructed to contact Magistrate Judge Smith within three days for further proceedings. This constitutes the Court's Opinion and Order.

Dated:   April 10, 2017                                          SO ORDERED:
         White Plains, New York

_____

NELSON S. ROMÁN
United States District Judge