MEMO ENDORSED

LAW OFFICES OF
# Tacopina & Seigel
A PROFESSIONAL CORPORATION

275 MADISON AVENUE
35TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 227-8877
FACSIMILE (212) 619-1028
WWW.TACOPINALAW.COM

JOSEPH TACOPINA^
CHAD D SEIGEL♦
MATTHEW G. DEOREO^
DINA NESHEIWAT*

♦ ALSO ADMITTED IN NEW JERSEY
^ ALSO ADMITTED IN CONNECTICUT
* ALSO ADMITTED IN FLORIDA
♦ ALSO ADMITTED IN TENNESSEE
♦ ALSO ADMITTED IN WASHINGTON, DC
••• ONLY ADMITTED IN ITALY

OF COUNSEL:
GEORGE VOMVOLAKIS
STUDI LEGALI TONUCCI•••

NEW JERSEY OFFICE:
60 PARK PLACE
SUITE 703-704
NEWARK, NEW JERSEY 07102

March 6, 2020

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: **LB v. Hines, 7:15-cv-05238-NSR-LMS (S.D.N.Y.)**

Dear Judge Román,

I am counsel for Plaintiffs in the above-referenced action. Pursuant to the Court's January 31, 2020 Order, I write to respectfully request that Your Honor (a) grant Plaintiffs leave to file the fully executed Settlement Agreement resolving this Action under seal; (b) So Order such Settlement Agreement upon it being filed under seal; and (c) grant Plaintiffs leave to file the "So Ordered" Settlement Agreement under seal.

Plaintiffs are making this request to protect the (a) identify of Plaintiff PB, who was a minor when he was sexually assaulted by Defendant Paul S. Hines (PB is now an adult), and (b) confidential terms of the Settlement Agreement. The Defendants have consented to such request.

Courts in this Circuit have sealed filings under such circumstances. *See Fuller v. Graham*, No. 9:09-CV-1025 TJM, 2013 WL 936553, at *1, n. 1 (N.D.N.Y. Mar. 8, 2013) ("Most of the state court records were filed by respondent on February 8, 2010. They were filed under seal pursuant to section 50–b of the New York Civil Rights Law."); *Stewart v. Hunt*, No. 9:09-CV-712 MAD/TWD, 2012 WL 4107825, at *1, n. 2-3 (N.D.N.Y. Sept. 19, 2012) ("To protect the privacy of the victim, and because the victim here was a minor, the Court will refer to the victim and to her family members by their first initials. *See* N.Y. Civ. Rts. Law § 50–b. *** The trial transcript and other state-court records have been filed under seal to protect the privacy of the victim and her family members."); *Williams v. Lempke*, No. 11 CIV. 2504 PGG JLC, 2012 WL 2086955, at *2–5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/19/2020

TACOPINA & SEIGEL, P.C.

Hon. Nelson S. Román
March 6, 2020
Page 2

(S.D.N.Y. June 1, 2012) ("In light of New York Civil Rights Law § 50-b, and consistent with Judge Gardephes sealing order dated June 17, 2011, I will not refer to the victim by her name in this Report and Recommendation. Pursuant to Judge Gardephe's June 17, 2011 Order, Respondent has filed all of its papers under seal in order to protect the identity of the victim in this case."); *Felder v. Goord*, 564 F. Supp. 2d 201, 209 (S.D.N.Y. 2008) ("By order dated July 26, 2007, the Court granted respondent's request to file its declaration in opposition to Felder's petition and the trial transcript under seal pursuant to New York Civil Rights Law § 50–b. The initials EA are used to protect the identity of the victim."); *see also Alicia B. Through Cynthia B. v. Malloy*, No. 3:16-CV-00065 (SRU), 2016 WL 9782480, at *2 (D. Conn. Dec. 20, 2016)("I grant the plaintiffs' motion to file under seal the settlement agreements with the Hartford Defendants."); *Dollar Phone Access, Inc. v. AT&T Inc.*, No. 14-CV-3240 SLT LB, 2015 WL 430286, at *3 n. 2 (E.D.N.Y. Feb. 2, 2015)("Upon motion by the defendants, the Court granted the defendants leave to file the Settlement Agreement under seal."); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Titeflex Corp.*, No. 07CIV2609LAKFM, 2008 WL 11396745, at *2 (S.D.N.Y. Mar. 12, 2008)("A copy of the settlement agreement has been filed with the Court under seal.").

Based upon the foregoing, Plaintiffs respectfully request that the Court grant this request by So Ordering this letter.

Respectfully submitted,

Matthew G. DeOreo

cc:   Andrew Proto via ECF

Plaintiff granted leave to file the settlement agreement under seal. However, the parties are advised that if they wish the Court to retain jurisdiction in this matter for purposes of enforcing any settlement agreement, they must submit the settlement agreement by email to the Court with a request that the agreement be "so ordered" by the Court. The Court will thereafter file the Settlement Agreement under seal with copies emailed to counsel of record. Clerk of the Court requested to terminate the motion (doc. 64).

Dated: March 19, 2020            SO ORDERED

Nelson S. Román, U.S.D.J.